R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alexander Stross*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER STROSS,<br><br>          Plaintiff,<br><br>     v.<br><br>TIME OUT AMERICA LLC,<br><br>          Defendant. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff Alexander Stross ("Plaintiff"), by his undersigned attorneys, Rath,

Young and Pignatelli, P.C., for his complaint against defendant Time Out America LLC

("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of willful copyright infringement in violation of 17 U.S.C.

§§ 106(1), 501, and 1202.

2.      Plaintiff seeks compensatory or statutory damages in an amount to be established

at trial.

## PARTIES

3.      Plaintiff is an individual doing business as a professional photographer in Austin

Texas, with an address at P.O. Box 153069, Austin, TX, 78715.

4.      Upon information and belief, Defendant is a foreign limited liability company

registered in New York and organized and existing under the laws of Delaware, with a principal

place of business at 1540 Broadway 42nd Floor, New York, New York 10036.

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States, and therefore this Court has jurisdiction

under 17 U.S.C. § 101 et seq., 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. §

1338 (a) (jurisdiction over copyright actions).

6.      Personal jurisdiction over Defendant is proper.  Defendant is conducting business

in and committing torts in this state, including without limitation Defendant's copyright

infringement, which causes harm in this state and judicial district.

7.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a

substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.      **Plaintiff's Business**

8.      Plaintiff is a professional photographer based out of Austin Texas and creates and

licenses photographic images for various uses.

9.      Plaintiff is known for his architectural and landscape photography, through which

a reverence for a sense of place permeates.  His work is informed from his growing up in Austin,

Texas, watching a small city grow and develop into an urban hot spot complete with skyscrapers

and an artistically aligned population.  His works have been licensed to such renowned publications

2

as People, Country Living, Luxury Home Magazine, Luxe, Refine and New Home Guide, as well as news shows like The Today Show and Yahoo News with Katy Couric.  The creation of his photographic works involves a labor intensive process that results in uniquely detailed and vibrant images.

10.     Plaintiff's intellectual property is very important to his livelihood, and, as a result, he includes copyright management information in the form of a watermark and metadata of his works identifying himself as the rightful copyright owner.

11.     Plaintiff is the original author of the photographic image which is at issue in this litigation (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.

12.     As the original author, Plaintiff is the exclusive owner of the copyright in and to the Copyrighted Work.

13.     On December 15, 2008, Plaintiff registered the Copyrighted Work with the United States Copyright Office, Registration Number VAu 989-644, a copy of which is attached hereto as Exhibit B.

14.     Plaintiff owns all rights, title, and interests, including copyrights, in and to the Copyrighted Work.

**B.     Defendant's Unlawful Activities**

15.     Upon information and belief, Defendant owns, operates, or participates in the operation of a number of websites, including one located at the URL http://www.timeout.com, where it publishes articles that use high quality photographic images, such as those belonging to Plaintiff, to draw internet users to visit and remain at its websites, thus profiting from advertising revenue that grows as its viewership grows.

16.     Plaintiff has discovered that Defendant is and has been infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

17.     Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at websites located at the following websites (herein after the "Infringing Websites"):

- https://media.timeout.com/images/103925994/630/472/image.jpg
- https://media.timeout.com/images/103925994/630/472/image.jpg
- https://www.timeout.com/london/bars-and-pubs/beach-hut-bar-at-searcys-the-gherkin

18.     Screenshots of infringements of the Copyrighted Work are attached hereto as Exhibit C.

19.     Defendant displayed Plaintiff's work without Plaintiff's copyright management information; the watermark was missing and Plaintiff believes that Defendant also scrubbed the metadata from the Copyrighted Work.

20.     Upon information and belief, the infringing websites are owned or operated by Defendant.

21.     Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, without any regard for the copyrights of Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing and publicly displaying the Copyrighted Work.

22.     Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

23.     Defendant's reproduction, distribution, and public display of Plaintiff's Copyrighted Work are without Plaintiff's authorization.

24.     Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work is knowing and willful and in reckless disregard of Plaintiff's rights.

4

25.     Defendant was notified by Plaintiff of the infringement at issue in this case and yet the infringement has continued.

## FIRST CLAIM FOR RELIEF
### (Direct Copyright Infringement)

26.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

27.     The Copyrighted Work is Plaintiff's original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

28.     Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Websites.

29.     By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Work.

30.     Upon information and belief, the infringement by Defendant is willful and deliberate and Defendant has profited at the expense of Plaintiff.

31.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive copyright in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

32.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

33.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

34.      Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

35.      Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

36.      Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

37.      As an alternative theory to its direct infringement claim, in the event Defendant contends the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

38.      By the actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

39.      Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendant has profited at the expense of Plaintiff.

40.     As a direct and proximate result of Defendant's contributory infringement of Plaintiff's exclusive copyright in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

41.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

42.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, public display and derivation of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

43.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

44.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting this contributory infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

45.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

46.     As an alternative theory to its infringement claims above, to the extent the Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

47.     As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

48.     Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and the Defendant benefitted from that direct infringement.

49.     As a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

50.     In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

51.      In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, public display and derivation of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

52.     Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

53.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting this vicarious infringement of Plaintiff's exclusive rights under copyright law.

## FOURTH CLAIM FOR RELIEF
### (Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)

54.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

55.     The Copyrighted Work included digital copyright management information as well as a watermark, a screenshot of which is attached hereto as Exhibit D.

56.     Upon information and belief, Defendant removed and/or altered copyright management information, or each participated in such removal and/or alteration, knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

57.     Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work, or participated in such reproduction, distribution and public display, without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

58.     Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

59.     By reason of the violations of the Digital Millennium Copyright Act committed by Defendants, Plaintiff has sustained and will continue to sustain substantial injuries.

60.     Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law.  Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant and all persons acting in concert with Defendants from engaging in further violations of the Digital Millennium Copyright Act.

61.     At its election, and in lieu of Defendant's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover

statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

62.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17

U.S.C. § 1203(b)(4) and (5).

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff demands judgment as follows:

1.      A declaration that Defendant has infringed, either directly or indirectly, Plaintiff's

copyright in the Copyrighted Work under the Copyright Act;

2.      A declaration that such infringement is willful;

3.      An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the

Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court

shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful

infringement of up to $150,000 for each copyright infringement of the Copyrighted Work;

4.      Awarding Plaintiff such exemplary and punitive damages as the Court finds

appropriate to deter any future willful infringement;

5.      Awarding Plaintiff its costs and disbursements incurred in this action, including

its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6.      A declaration that Defendant has violated the Digital Millennium Copyright

Act by intentionally removing copyright management information and intentionally providing

and distributing false copyright management information to conceal infringement;

7.      Awarding Plaintiff all gains, profits, property and advantages obtained or

derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu

thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as

provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital

Millennium Copyright Act;

10

8.      Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

9.      Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

10.     Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

11.     Permanently enjoining Defendant, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 30, 2019

Respectfully submitted,

By: */s/ R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Alexander Stross*